HAYES L. THORNTON ET AL., DEFENDANTS IN ERROR, v.
J. LOGAN FAY, PLAINTIFF IN ERROR.

Argued November 30, 1910—Decided June 19, 1911.

The judgment of a court of general jurisdiction will not be reversed upon a point not taken in the trial court.

---

On error to the Supreme Court.

In which the following opinion was filed by Mr. Justice Reed:

"This writ brings up a judgment against J. Logan Fay, in an action against him on a mechanics' lien claim. The action is against J. Logan Fay, builder, and J. Logan Fay and Rose Fay, owners. These defendants file a plea of a general issue.

"Upon the trial, on January 12th, 1909, a verdict was returned against the defendants, both generally and specially, for $930.01, and a general and special judgment was entered upon this verdict on January 15th, 1909. The defendants did not appear on the trial, and therefore no exception was taken. The errors upon this hearing must, therefore, be confined to common errors.

"A writ of error was sued out May 10th, 1909. Afterward, in June, 1909, a writ of *certiorari* was allowed, to bring up the out branches of record. The record so returned included a mechanics' lien filed March 14th, 1906, the endorsement thereon of issuance of summons of March 14th, 1906, and a notice of application to be made on January 5th, 1909, for leave to amend the lien claim, and an order on the same date granting such leave; and the amended lien claim filed January 5th, 1909.

"The errors assigned which attack the general judgment are directed to an alleged variation between the declaration and the contract attached to and made a part of it. In proof of such variance it is pointed out that the body of the declaration charges that the money sued for was to be paid if the plaintiff 'would alter, change and finish a certain building,' in the contract mentioned; but that the contract was to 'erect and furnish the mason work and the carpenter work in connection with the moving of a certain building.'

"This point is frivolous, for the work is to be done according to specifications which are not attached to the contract, and which, for all that appears, involved the alteration and furnishing of the moved building.

"The remaining errors are directed at the special judgment which fixes the lien upon the property of the defendants. It is sufficient to say that there is no statutory plea that said build-

ings are not liable to plaintiff's debt, and it is only when such plea is filed that it becomes necessary for the plaintiff to prove that the provisions of the Mechanics' Lien act had been complied with. *Pamph. L.* 1898, *p.* 546; *Tomlinson* v. *Degraw, 2 Dutcher* 73.

"In the condition of the record as to pleading and errors assignable, none of the errors assigned are available to reverse the judgment, and it must be affirmed."

For the plaintiff in error, *William R. Wilson.*

For the defendants in error, *John J. Stamler.*

The opinion of the court was delivered by

GARRISON, J. The judgment of the Supreme Court is affirmed for the reasons given by Mr. Justice Reed in that court.

The plaintiff in error argues the additional point that the judgment of the Circuit Court should have been reversed by the Supreme Court for the reason that the judgment record, together with the return to the writ of *certiorari,* shows that the summons was issued March 15th, 1906, that judgment was entered January 12th, 1909, and that no order appears in said return extending the time beyond one year as required by section 18 of the Mechanics' Lien act (*Pamph. L.* 1898, *p.* 545), which reads as follows: "If such claimant shall fail to prosecute his claim diligently within one year from the date of issuing such summons or such further time as the court may by order direct, such lien shall be discharged."

The great importance of this statutory provision cannot avail the plaintiff in error since he is not in a position to urge it as a ground of reversal, for the reason that the point was not taken in the Circuit Court either as an incident of the trial that was had therein, or by an appropriate motion based upon the provision of the statute or in any other way.

The rule that a judgment will not be reversed upon a point not taken in the trial court is illustrated by a host of cases collected in the New Jersey Digest under heading, "Issues and

Questions in Lower Court," vol. 1, col. 327, sec. 91. Another rule so familiar as to require no citation of authority is that upon error the judgment of a court of general jurisdiction will be supported by all necessary intendments.

The result of these fundamental rules of appellate procedure is that the plaintiff in error cannot now avail himself of the point he has argued, because he did not in some form ask the court in which the statutory proceeding was pending for the relief or redress to which he now claims he was entitled under the statute. If he had asked for such relief his request must have been either granted or ignored; in the former case he would have nothing to complain of, and in the latter case he would have had something of which he could be heard to complain.

The judgment brought up by this writ of error is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, BOGERT, VREDENBURGH, CONGDON, JJ. 10.

*For reversal*—None.